UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RITA LEMONS; dba EXPERTS ARE US INC; dba EXPERTS ARE US MEDICAL EQUIPMENT; dba EXPERTS ARE US LOVELY'S HOME HEALTH CARE,<br><br>Plaintiff,<br>VS.<br><br>CMS, *et al*,<br><br>Defendants. | CIVIL ACTION NO. H-10-3080 |

## **OPINION AND ORDER**

It has come to the Court's attention that Plaintiff Rita Lemons has filed a complaint against Defendants in this matter.[1] Lemons' original complaint appears to allege that the numerous Defendants discriminated against her and incorrectly revoked her license, status, or contract as a supplier of durable medical equipment.

This Court may dismiss a complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B)(1) if the Court is "satisfied that the action is frivolous or malicious." A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25 (1989). A complaint lacks an "arguable basis in law" if it is based on an indisputably "meritless legal theory," e.g., because defendants are absolutely immune from suit, or the complaint asserts a violation of a legal interest that does not exist, or the action is clearly barred by limitations. *See, e.g., Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995); *Alfred v. Corrections Corp. of America*, No. 09-30614, 2011 WL 2201188, *2 (5th Cir. June 7, 2011).

The Court may dismiss factual allegations that are "'clearly baseless,'" "'fanciful,'" or "'delusional.'" *Alfred*, 2011 WL 2201188 at *2 (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33

---

[1] Plaintiff's complaint purports to assert a claim or claims against thirty named defendants.

(1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*, (citing *Denton*, at 33).

Lemons names thirty Defendants in her original complaint. The Defendants include parties identified only as "CMS,"[2] "Administar Federal," and "Attorney General," in addition to the Department of Health and Human Services, the Department of Justice, and the Office of the Inspector General. Lemons has not served any of the governmental Defendants. Lemons also names Medicare contractors including the National Supplier Clearing House, Palmetto GBA, LLC, and numerous employees of these entities.

Although Lemons alleges numerous causes of action against the various Defendants, including breach of contract, discrimination, violation of First, Fourth, and Fifth Amendment rights, retaliation, conspiracy, and fraud, the essence of Lemons' complaint is the alleged wrongful denial of her claims for Medicare reimbursement and refusal of her application for reenrollment. Lemons asserted similar claims against many of these Defendants in a previous case filed in the Southern District.[3] In that case, the Defendants moved to dismiss on the grounds that the Court lacked subject matter jurisdiction to hear Lemons' complaint. *Id.* Docs. 18, 40. After Lemons failed to respond, the Court granted the motion.[4] *Id.* Doc. 62. On appeal, the Fifth Circuit affirmed the Court's holding, finding that Lemons "fails to show any ground of subject matter jurisdiction in federal court for her many complaints. Appellant Lemons has no standing to complain of the revocation of a supplier number of Experts Are Us. Nor has she shown that Experts Are Us would have a legal right of appeal and access to federal court." *Lemons v CMS,* No. 09-20364

---

[2] The nature of Lemons' complaint indicates that she is referring to the Centers for Medicare and Medicaid Services.
[3] *Lemons, et. al. v. Palmetto GBA, LLC, et al.*, No. 4:08-cv-00715 (S.D. Tex. Mar. 3, 2009).
[4] The Defendants asserted that subject matter jurisdiction was lacking as the acts and omissions Lemons alleged arose under the Medicare Act and were subject to the Act's limitations on judicial review at 42 U.S.C. § 405(h).

(5th Cir. 2009)(per curium).

Lemons has now filed a substantially similar complaint in this case. She has failed to correct the jurisdictional defects present in her previous complaint. Further, her complaint consists almost entirely of vague allegations, unsupported in fact, that the Defendants violated various constitutional and statutory rights that are seemingly inapplicable. The Court therefore finds that Lemons' complaint lacks an arguable basis in law and should be dismissed.

Accordingly, the Court

**ORDERS** that the above captioned action is hereby **DISMISSED** under § 1915(e) because it fails to raise a cognizable claim over which this Court has jurisdiction.

SIGNED at Houston, Texas, this 12th day of December, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE