UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RITA LEMONS; dba EXPERTS ARE US INC; dba EXPERTS ARE US MEDICAL EQUIPMENT; dba EXPERTS ARE US LOVELY'S HOME HEALTH CARE, | § § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3080 |
| | § | |
| CMS, *et al*, | § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiff Rita Lemons' motion for reconsideration of the Court's opinion and order dismissing this case. Doc. 48. In that order, the Court found that Lemons' complaint lacked an arguable basis in fact or law and dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(e).

Although Plaintiff fails to expressly invoke the provision governing motions for reconsideration, such motions are generally considered cognizable under either Federal Rule of Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (*citing Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir.1986) (*en banc*). Because Plaintiff brought her motion for reinstatement more than ten days from entry of judgment, reconsideration can only be

given within the stricter limitations of Rule 60(b).[1] To do otherwise would be an abuse of discretion. *Id.*

Under Rule 60(b), in order to prevail, Lemons must demonstrate she is entitled to relief from the judgment due to: "(1) mistake, inadvertence, surprise, or excusasble neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court enjoys considerable discretion when determining whether the movant has satisfied these standards. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Here, Lemons has submitted a typed document entitled "Motion in Objection to an Order to Seal any Other Exhibits Excluding the Ones Petitioners Requested to the Courts to be Filed Under Sealed [sic] in its Last Submission to the Court." Doc. 48 at 1. The motion also bears the hand written title "Motion to Reinstate." *Id.* The motion is nothing more than a brief recitation of the allegations contained throughout Lemons' original complaint and her various pleadings before this Court and does not satisfy the requirements of Rule 60(b).

The Court therefore

**ORDERS** that Plaintiff Rita Lemons' motion for reconsideration (Doc. 48) is **DENIED**.

SIGNED at Houston, Texas, this 21st day of February, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[1] Had Plaintiff brought her motion within ten days of entry of judgment, review would be subject to the more lenient Rule 59(e) standard, whereby Plaintiffs need only demonstrate a "manifest error of law" to obtain reconsideration. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).